United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-41577
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY NEELY,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-343-1
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following the denial of his motion to suppress and ensuing bench trial, Stanley Neely was convicted of being a felon in possession of a firearm and possession of an unregistered firearm. Neely has appealed. He contends that evidence seized after a protective sweep of the house at which he was arrested should have been suppressed.

"In reviewing a ruling on a motion to suppress, this court reviews questions of law de novo and factual findings for clear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error." United States v. Jordan, 232 F.3d 447, 448 (5th Cir.
2000). We view the evidence in the light most favorable to the
prevailing party. Id. Where a police officer acts without a
warrant, the Government bears the burden of proving that the
search was valid. United States v. Castro, 166 F.3d 728, 733 n.6
(5th Cir. 1999) (en banc).

"A 'protective sweep' is a quick and limited search of
premises, incident to an arrest and conducted to protect the
safety of police officers or others. It is narrowly confined to
a cursory visual inspection of those places in which a person
might be hiding." Maryland v. Buie, 494 U.S. 325, 327 (1990).
A "protective sweep may extend to areas of the home where the
police otherwise (i.e., apart from the protective sweep doctrine)
then have no right to go." United States v. Gould, 364 F.3d 578,
587 (5th Cir. 2004) (en banc). "[T]he protective sweep must be
supported 'by a reasonable, articulable suspicion' . . . 'that
the area to be swept harbors an individual posing a danger to'
those on the scene." Id. at 587 (quoting Buie, 494 U.S. at
336-37; internal citation omitted).

Neely argues that the officers could not lawfully enter the
house because he was arrested outside of the house. "A
protective sweep of a suspect's house may be made 'even if the
arrest is made near the door but outside the lodging' if the
arresting officers 'have reasonable grounds to believe that there
are other persons present inside who might present a security

risk.'"  United States v. Watson, 273 F.3d 599, 603 (5th Cir. 2001)(quoting United States v. Merritt,882 F.2d 916, 921 (5th Cir. 1989)).  The district court's finding that Smith articulated a reasonable basis for conducting a protective sweep of the house was not clearly erroneous.  See id.; see also United States v. Wilson, 306 F.3d 231, 234, 237-39 (5th Cir. 2002).

Neely contends also that the scope of the search was too broad and that it was not reasonable to search the entire house. The arresting officer's testimony reflects that the scope of the search was limited to "places in which a person might be hiding." Buie, 494 U.S. at 327.  The judgment is

AFFIRMED.